UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


AARON STEPHENS, #168971,

                    Petitioner,

                                                  CASE NO. 5:11-CV-10950
v.                                                HONORABLE JOHN CORBETT O'MEARA

STEVE RIVARD,

                    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS
CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.      Introduction**

        Michigan prisoner Aaron Stephens ("Petitioner") has filed a *pro se* petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in custody in violation

of his constitutional rights.  Petitioner pleaded no contest to second-degree home invasion, MICH.

COMP. LAWS § 750.110a(3), in the Oakland County Circuit Court and was sentenced as a fourth

habitual offender, MICH. COMP. LAWS § 769.12, to 10 to 40 years imprisonment in 2008.  In his

pleadings, he raises claims concerning the validity of his sentence.  For the reasons stated, the Court

denies the habeas petition.  The Court also denies a certificate of appealability and denies leave to

proceed *in forma pauperis* on appeal.

**II.     Facts and Procedural History**

        Petitioner's conviction arises from a home invasion that occurred in Royal Oak, Michigan

on August 19, 2008.  Petitioner pleaded no contest on September 26, 2008 in exchange for an

agreement to be sentenced within the guideline range as calculated by the court.  At that hearing,

Petitioner acknowledged that he was guilty of the offense and stipulated to the police report as the

factual basis for his plea, confirmed that he was pleading no contest of his own free will, and admitted that he had three prior felonies. The trial court conducted a sentencing hearing on October 10, 2008. At that hearing, defense counsel objected to the scoring of Offense Variable 19, which was scored at 10 points based upon Petitioner's initial failure to respond to the police command to exit the home, and requested a sentence of three to 20 years imprisonment. The trial court found that the guidelines were correctly scored and sentenced Petitioner to 10 to 40 years imprisonment, consecutive to his remaining parole term.

Petitioner subsequently moved for re-sentencing, contesting the scoring of Offense Variable 19. The trial court held a hearing on April 29, 2009, found that the issue was properly addressed at sentencing, and denied the motion. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same claims presented on habeas review, which was denied for lack of merit in the grounds presented. *People v. Stephens*, No. 294502 (Mich. Ct. App. Nov. 20, 2009) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Stephens*, 485 Mich. 1130, 779 N.W.2d 516 (2010).

Petitioner thereafter filed his federal habeas petition raising the following claims:

I. The trial court erroneously denied his request for a hearing despite the court's failure at sentencing to determine that he had reviewed the pre-sentence report and his subsequent assertion that he had not reviewed it.

II. The trial court erroneously scored OV 19 for an attempt to interfere with the administration of justice based upon his short delay in responding to a police command to surrender while cornered.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

## III. Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *Williams*, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the

3

benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of

[Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *Mitchell*, 540 U.S. at 16.  While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue.  *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review.  28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption with clear and convincing evidence.  *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).  Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

## IV.   Analysis

Petitioner asserts that he is entitled to habeas relief because the state trial court erred in sentencing him.  Specifically, he claims that the trial court erred in scoring Offense Variable 19, that the trial court failed to ascertain that he personally reviewed the pre-sentence report, and that his sentence was based upon inaccurate information.  The trial court addressed these issues at sentencing and the motion for resentencing and the Michigan appellate courts denied leave to appeal.

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application thereof.[1]  As an initial matter, the Court notes that Petitioner's sentence

---

[1]The Court would reach the same result under a *de novo* standard of review.

5

is within the statutory maximum of life imprisonment for a fourth habitual offender. *See* MICH. COMP. LAWS §§ 750.110a, 769.12. A sentence within the statutory limit is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state court's sentencing decision are not cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner makes no such showing. His sentence is within the statutory maximum set by state law.

Moreover, Petitioner cannot prevail on his claim that the trial court erred in scoring Offense Variable 19. Such a claim is not cognizable on federal habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov.19, 1993) (departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Any error in scoring the offense variables and determining the guideline range does not merit habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived state law errors. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

A sentence may violate federal due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *United States v. Tucker*, 404 U.S. 443, 447 (1972); *United*

6

*States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, a petitioner must show that the court relied on the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner has not done so. The record reflects that the trial court considered the circumstances of the crime, the police and pre-sentence reports, Petitioner's history, and other permissible factors at sentencing. Petitioner had an opportunity to contest the accuracy of that information and to make a statement at sentencing. Petitioner claims that the trial court failed to ascertain whether he personally reviewed the pre-sentence report in violation of Michigan Court Rule 6.425(B). However, such a claim is based upon state law and is not cognizable upon habeas review. *Estelle*, 502 U.S. at 67-68; *see also Monroe v. Berghuis*, No. 06-CV-13613, 2008 WL 2157048, *3 (E.D. Mich. May 22, 2008) (denying habeas relief on same claim). The Constitution does not require a court to determine whether a criminal defendant has personally reviewed a pre-sentence report. *See Bridinger v. Berghuis*, 429 F. Supp. 2d 903, 909 (E.D. Mich. 2006) (adopting magistrate judge's report). Moreover, the record indicates that defense counsel reviewed the report and consulted with Petitioner at the time of his plea and sentencing. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing his sentence which he (and/or defense counsel) had no opportunity to correct. Habeas relief is not warranted.

## V.    Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue.

28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right.  The Court therefore **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as an appeal from this decision cannot be taken in good faith.  *See* Fed. R. App. P. 24(a).  Accordingly, the Court **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date:  May 10, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 10, 2013, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager

8